UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JEFFREY CHARLTON,

                              Plaintiff,

  v.                                              No. 08-CV-142
                                                   (DRH)

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| MARK A. SCHNEIDER, ESQ.<br>Attorney for Plaintiff<br>57 Court Street<br>Plattsburgh, New York 12901 | |
| HON. ANDREW T. BAXTER<br>United States Attorney for the<br>   Northern District of New York<br>Attorney for Defendant<br>100 South Clinton Street<br>Syracuse, New York 13261-7198 | SHEENA V. WILLIAMS-BARR, ESQ.<br>Special Assistant United States Attorney |

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

## MEMORANDUM-DECISION AND ORDER

      Plaintiff Jeffrey Charlton ("Charlton") brought an action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security ("Commissioner") denying his application for benefits under the Social Security Act. Docket No. 1. On March 26, 2009, a Memorandum-Decision and Order was entered upholding the Commissioner's findings. Docket Nos. 16, 17. While that decision was in the Clerk's Office awaiting formal filing and service, Charlton's counsel submitted a letter of the same date requesting that additional medical records be considered in this

case.  Docket No. 15.  The letter was filed after the decision was submitted for filing and its request and attachments were not considered in the decision.  Charlton's request will, therefore, be considered as a motion for reconsideration of the decision filed March 26, 2009 and, for the following reasons, Charlton's motion is denied.

A motion for reconsideration is granted sparingly and only upon a showing that the court overlooked "controlling decisions or data . . . that might reasonably be expected to alter the conclusion reached by the court."  Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  "There are three possible grounds upon which a motion for reconsideration may be granted: (1) an intervening change in law, (2) the availability of evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice."  Fox v. Nat'l R.R. Passenger Corp., No. 06-CV-1135 (LEK/RFT), 2009 WL 656406, at *1 (N.D.N.Y. Mar. 11, 2009) (citing Shannon v. Verizon N.Y., Inc., 519 F. Supp. 2d 304, 307 (N.D.N.Y. 2007); Doe v. New York City Dep't of Soc. Servs., 709 F. 2d 782, 789 (2d Cir. 1983)).

In this case, there has been no change in the law or need to correct clear error.  The proffered additional medical evidence details a sleep study Charlton underwent which diagnosed him with moderate to severe sleep apnea and treatment notes concerning Charlton's swollen legs and cellulitis.[1]  Docket No. 15.  While these medical reports were unavailable at the time of the March 26 decision, their contents do not contradict the overwhelming evidence supporting the conclusion of the decision denying

---

[1] Cellulitis is a "[d]iffuse, spreading, acute inflammation within solid tissues."  THE MERCK MANUAL 794 (17th ed. 1999).  While local abscesses may form and require draining, "[s]ymptoms and signs of superficial cellulitis usually resolve after a few days of antibiotic therapy."  Id.

Charlton's motion and upholding the decision of the Commissioner.[2]  As such, the additional evidence cannot reasonably be expected to change the decision of the Court and Charlton's motion is denied.[3]

### VI. Conclusion

For the reasons stated above, it is hereby **ORDERED** that Charlton's letter-motion seeking reconsideration (Docket No. 15) is **DENIED**.

DATED: May 27, 2009
         Albany, New York

_David R. Homer_
United States Magistrate Judge

---

[2] The medical records provided indicate that Charlton's sleep apnea could be well controlled with medication and sleeping with a breathing mask at night.  Docket No. 15 at 4.  Additionally, the cellulitis was treated with water therapy and, while prognosis was guarded, there was no indication that such therapies would be ineffective to the degree of rendering Charlton unable to perform work in a sedentary capacity.  Id. at 7.

[3] or the reasons stated below, this evidence is not material to the decision making process; therefore, it would not have been considered in addition to the record on appeal. 42 U.S.C. § 405(g) provides that the Court may consider new evidence so long as it is material and there was good cause for the failure to raise such evidence at a prior proceeding.  See also Lisa v. Sec'y of Dep't of Health and Human Servs., 940 F.2d 40, 43 (2d Cir. 1991).  In accordance with this provision, the Second Circuit requires the Plaintiff to show that the proffered evidence is "(1) new and not merely cumulative of what is already in the record . . . (2) material, that is, both relevant to the claimant's condition during the time period for which benefits were denied and probative . . . [and] (3) good cause [exists] for [claimant's] failure to present the evidence earlier." Lisa v. Sec'y of Dep't of Health and Human Servs., 940 F.2d at 43 (internal quotation marks and citations omitted).  Had the undersigned received this information earlier, the outcome would not have changed.